UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **THADDEUS A. SPEED,** | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 12-CV-2098 |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

**OPINION**

On March 23, 2012, Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (#1). On April 5, 2012, the Government filed its Response (#5). On April 26, 2012, Petitioner filed his Reply (#6). The court has reviewed the briefs submitted and the transcripts from the underlying case. Following this careful review, Petitioner's Motion (#1) is DENIED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

**Analysis**

*Background*

On December 2, 2008, Petitioner and his co-defendant, Anthony Cunningham, Jr., were charged by indictment with conspiracy to distribute 50 grams or more of cocaine base ("crack"), distribution of 50 grams or more of crack, and possession of five grams or more of crack. (08-CR-20066, #13). On July 24, 2009, Petitioner filed a "Pro se motion for Ineffective Counsel" (08-CR-20066, #22), attempting to disqualify Federal Public Defender Mr. John Taylor. In that

motion, Petitioner stated that an interview was held with himself, Mr. Taylor, the prosecutor, and the case agent. Petitioner stated that he sought to hear recorded evidence on a cassette tape, but that evidence was not heard during the meeting. Petitioner also contested his counsel's failure to object when the case agent told Petitioner that "he's the police all he has to do is get on the stand to testify and who do I think they're going to believe." (08-CR-20066, #22). This court denied the motion on September 4, 2009. On August 31, 2009, Petitioner filed a motion to suppress (08-CR-20066, #23) through the same counsel, which this court denied on November 10, 2009. A jury trial was held, with the jury returning a verdict of guilty on all three counts on November 13, 2009.

On March 3, 2010, this court sentenced petitioner to life imprisonment on all counts, to run concurrent. On the next day, Petitioner appealed his sentence. On appeal, Petitioner argued that the evidence was insufficient to convict him, that the Fair Sentencing Act of 2010 should have been applied to him retroactively because his cases were on direct appeal, and that his sentence of life imprisonment was unconstitutional (Defendant-Appellant's Brief, United States vs. Thaddeus A. Speed, No. 10-1532 (7th Cir. Nov. 22, 2010)). On September 28, 2011, the Seventh Circuit affirmed this court's judgment (08-CR-20066, #88). On March 23, 2012, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence (#1).

In his § 2255 motion, Petitioner makes two arguments. First, he argues that the Fair Sentencing Act of 2010 (FSA) should apply to him. Second, he argues that trial counsel was ineffective for failing to give an informed opinion about whether to accept or reject the Government's plea offer. (#1 p.8).

*Fair Sentencing Act of 2010*

Regarding his FSA argument, Petitioner argues that the FSA's reduced minimum sentences should apply to him because constitutional-level changes are retroactively available to a defendant on direct appeal. The Government responds that Petitioner may not revive a previously-adjudicated claim during a § 2255 petition. This court agrees with the Government. "Absent countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal." *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J., concurring) (collecting cases), citing *Kaufman v. United States*, 394 U.S. 217, 227 (1969) (superseded by statute on unrelated grounds) ("Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing. Section 2255 provides for hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") (editing marks omitted.) Here, the Seventh Circuit has already heard argument on and ruled on the exact issue raised in Petitioner's first argument. Accordingly, this court defers to the Seventh Circuit's judgment.

*Ineffective assistance of counsel*

Petitioner also alleges that his Sixth Amendment right to effective assistance of counsel was violated. To succeed on a claim for ineffective assistance of counsel, Petitioner must show both that his attorney's performance was objectively deficient by falling outside the wide range of competent representation and that he was prejudiced by the incompetent representation. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1984)). To establish prejudice, the petitioner must show that there is a reasonable probability that, but for his counsel's mistakes, the result of the trial would have been

different. *Strickland*, 466 U.S. at 694. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [a court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Li v. United States*, 648 F.3d 524, 527- 28 (7th Cir. 2011) (citing *Strickland*, 466 U.S. at 689). "The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir.2011). If a strategic reason for a decision was sound at the time it was made, the decision generally cannot support a claim of ineffective assistance of counsel. *Li*, 648 F.3d at 528 (citing *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir.2005) and *United States v. Lathrop*, 634 F.3d 931, 937–38 (7th Cir. 2011) (noting that, provided counsel's reasons for his decision were not "so far off the wall that we can refuse the usual deference that we give tactical decisions by counsel, his performance will not qualify as deficient.")).

*Trial counsel's performance not objectively deficient*

Petitioner argues that trial counsel was ineffective because he "did not give him a [sic] informed opinion of accepting or rejecting the Government's plea offer." Petitioner cites to *Boria v. Keane* for the following proposition:

> The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision must ultimately be left to the client's wishes. Counsel cannot plead a client guilty, or not guilty, against the client's will. [citation omitted] But counsel may and *must* give the client *the benefit of counsel's professional advice on this crucial decision;* and often counsel can protect the client from disaster only by using a considerable amount of persuasion to convince the client that a plea which the client instinctively disfavors is, in fact, in his or her best interest. This persuasion is most often needed to convince the client that s/he should plead guilty *in a case in which a not guilty plea would be destructive.*

*Boria v. Keane*, 83 F.3d 48, 52-53 (2d Cir. 1996) (emphasis in original), *decision clarified on reh'g,* 90 F.3d 36 (2d Cir. 1996) and *superseded,* 99 F.3d 492 (2d Cir. 1996), *citing* Anthony G. Amsterdam, *Trial Manual 5 for the Defense of Criminal Cases* (1988). Petitioner therefore argues that, because trial counsel met with him only once and did not discuss the consequences of declining to accept the Government's offer or adequately inform him of the strengths and weaknesses of his case, trial counsel provided ineffective assistance. This court does not agree. First, the passage is from a secondary source and is not binding in this Circuit. Second, the Second Circuit has already recognized that *Boria* does not mandate a *per se* rule. That Court later noted as follows:

> Given these cautionary statements by the Supreme Court, we think it unwise to read *Boria* to have established a *per se* rule that defense counsel must always expressly advise the defendant whether to take a plea offer. Under the circumstances of this case, [trial counsel] acted reasonably when he informed [the defendant] fully of the strength of the government's case against him, together with the nature of the government's plea offer, without specifically advising [the defendant] to take the plea.

*Purdy v. United States*, 208 F.3d 41, 48 (2d Cir. 2000). Third, Petitioner's own motion belies his assertion that trial counsel failed to discuss the merits of his case. In his July 24, 2009 so-called "Motion for ineffective counsel", Petitioner noted that trial counsel met with him, the prosecutor, and the case agent to discuss the case. Although Petitioner was disappointed that trial counsel had mistaken him and his case for other defendants, that act does not rise to the level of ineffective assistance. Instead, a meeting in which the case agent and prosecutor advise a defendant of the weakness of the evidence in his case, and in which his own counsel concurs, itself suggests that a reasonable person would have come to the realization that his case was fairly weak. Fourth, Petitioner argues that trial counsel should have tried harder to convince him to plead guilty. This is as though he seeks to eat his cake and have it too; had trial counsel in fact

"convince[d] the client that s/he would plead guilty in a case in which a not guilty plea would be destructive," as Petitioner demands, he would undoubtedly be now arguing that his guilty plea had not been voluntary and that he had been coerced into doing so. Finally, the outer contour of plea bargaining law requires only that the absolute failure to communicate a plea bargain from the prosecutor to the defendant constitutes deficient performance. *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). Petitioner admits that "[T]rial counsel merely relayed information to Petitioner and told him a plea was on the table." (#1 p. 9). As trial counsel did communicate the plea offer and did meet to discuss Petitioner's case, his performance nowhere approached this level of neglect. Petitioner refers to no binding law requiring any more than what trial counsel had done.

*Petitioner cannot show prejudice*

Even if trial counsel's performance fell outside the wide range of competent representation, Petitioner cannot demonstrate that he was prejudiced by any such failures. Petitioner argues that had trial counsel provided an informed opinion and advised him of the merits of his case, Petitioner would instead have pled guilty. (#1, p.10).

In a § 2255 motion alleging ineffective assistance of counsel, "prejudice" means "a reasonable probability that, but for counsel's inadequate performance, petitioner would have accepted the government's offer."  *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005) (editing marks omitted). Petitioner's own testimony before this court shows that he sought a jury trial rather than take a plea. During a status hearing discussing his "Motion for ineffective counsel" as early as September 4, 2009, when this court asked him, "You certainly want a jury trial, don't you," he responded, "Yes, Your Honor." (08-CR-20066 #73 at 6). Moreover,

Petitioner continued to assert that he was not guilty on appeal and sought to have his convictions overturned for insufficient evidence. That procedural process undermines, although does not entirely obviate, his present claim that he sought to plead guilty. *See, e.g., Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) ("[A defendant's] assertions of his innocence at trial and during the magistrate's evidentiary hearing lend additional support to the. . . conclusion that [the defendant] would not have pled guilty."); *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003) ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be unwilling to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."). Petitioner points to no testimony or evidence that suggests that he would have pled guilty but for trial counsel's advice (or alleged lack thereof).

      Regardless, Petitioner cannot establish that he would have received a lower sentence by pleading guilty. By pleading guilty to all three counts, Petitioner still would have faced a mandatory minimum sentence of life imprisonment. The only way he could have avoided such a sentence would be if the United States had made a motion to sentence him below the mandatory minimum to reflect the petitioner's substantial assistance in the investigation or prosecution of another person who has committed an offense. *See* 18 U.S.C. § 3553(e). The United States avers in its brief that it never promised to make such a motion. Further, it is mere speculation to suggest that the petitioner would have provided such substantial assistance and the United States would have made such a motion. *See Gallo-Vasquez*, 402 F.3d at 798-99 (noting that a defendant must provide concrete evidence that a favorable plea offer would have been available to him); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (noting that defendant must do more than raise the mere possibility that he would have received a lesser sentence).

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable that this court correctly found that the FSA does not apply to Petitioner, and that his trial counsel's representation was not ineffective.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 22nd day February, of 2013.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE